(C.D. 2797)

RAILWAY EXPRESS AGENCY, INC., a/c AIRESEARCH MANUFACTURING CO.

*v.*

UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [C. D. 2598] October 24, 1966)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General (*Harold L. Grossman* and *Arthur H. Steinberg*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case was originally decided on December 8, 1965, and reported in *Railway Express Agency, Inc., a/c Airesearch Manufacturing Co.* v. *United States*, 55 Cust. Ct. 328, C.D. 2598. A motion for rehearing was made and granted on January 24, 1966, 56 Cust. Ct. 855, Abstract 69762, and the matter set for further hearing at the next Los Angeles docket.

The merchandise involved consists of two components, Servo amplifiers and chassis assemblies of certain air data computers which were designed and dedicated for use in the military aircraft known as F–104 export model.

As originally submitted, the parties presented, as the only issue in the case, the question of whether air data computers in their entirety were

parts. Accordingly, in our opinion, we held that the air data computers were parts of the F-104 aircraft. We further found the Servo amplifiers and chassis assemblies to be parts of the computer. Since the record was not as explicit as it might be and in view of the motions by the parties to have the record clarified with respect to the components rather than the computer itself, the decision, C.D. 2598, was set aside and further evidence produced.

Based upon the additional evidence adduced at the last hearing, counsel for defendant filed a statement which, so far as is pertinent herein, contains the following with respect to the two components:

It is our opinion, predicated upon the added testimony produced at the rehearing (R. 58–62), that the plaintiff has satisfactorily and adequately brought itself within the confines of both the *Pompeo* case, C.A.D. 602, and the *Ford Motor Co.* case, C.A.D. 831, as discussed in said C.D. 2598, with respect to the involved chassis assemblies.

With respect to the Servo amplifiers, we feel that, notwithstanding some lack of clarity in portions of the testimony, the substance of the testimony establishes that the shape, capacity, mounting and fitting features, and connecting system are designed specifically for, and are commercially suitable for use only with, the computer in question.

Based upon the foregoing and the additional record as made, we are satisfied that both the Servo amplifiers and the chassis assemblies are parts of air data computers which, for the reasons set forth in our original opinion, C.D. 2598, are parts of aircraft within the purview of paragraph 370, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and as such dutiable at 12½ per centum ad valorem as claimed.

Judgment will be entered accordingly.